L. STEVEN GOLDBLATT CBN 90674
GOLDBLATT LAW FIRM
22 MARTIN STREET
GILROY, CA 95020
TEL:408-500-6448
EMAIL: L. STEVEN GOLDBLATT@GMAIL.COM

FOR DEFENDANT WEI CHAN GONG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES | ) | Case No.: 18-CR-335 (20) AB |
|---|---|---|
| Plaintiff(s), | ) | |
| vs. | ) | STATUS CONFERENCE AFFIDAVIT L. STEVEN GOLDBLATT |
| WEICHAN GONG | ) | |
| Defendant(s) | ) | DATE: APRIL 3, 2020<br>TIME: 9;00AM<br>COURTROOM 5 (b) |
| | ) | |

**AFFIDAVIT OF L. STEVEN GOLDBLATT**

I, L. Steven Goldblatt am admitted to all state and federal courts in the State of California and set forth the following facts based upon personal knowledge:

1. I represented Mr. Gong until I was fired without notice, on December 23,2020. Due to the fact that Mr. Jonathan Rappel accepted substitution as counsel of record in this matter, People v. Bei Yin (San Mateo County Superior Court) and People v. Deng ( San Mateo County Superior Court), and United States v. Lin (United States District Court Southern District of California; I signed the Gong Substitution so that Mr. Rappel would take over representation.

- 1 -
AFFIDAVIT OF LEWIS STEVEN GOLDBLATT RE STATUS CONFERENCE 4-3-2020

2. Now I know that Ms. Demidchick was less than candid with me and each of these clients and the respective courts.

3. Mr. Gong was my client starting the day I was hired by the firm July 22, 2019 until y  Bei Yin was abandoned by Demidchick Law Firm after I was terminated with no cause an no notice on  purported grounds that the Firm was closing its SF office Mr. Jonathan  told me he was going to substitute in my place for  Gong, I just learned that Mr. Jonathan left firm om when Carly Palmer advised me 14 days ago that there was no activity on Mr. Gong's behalf and that I remained attorney of record.

4.   On  3 trips to Los Angeles July 17, 2019- July 30, 2019 and August 15 -August 21 and September 11, 12, and 13 I spent over a hundred hours reviewing 3 physical CD roms with the discovery produced by the US, 24 hours meeting with Mr. Gong and "Sophia" then a UC Davis Law School graduate working as an interpreter and paralegal for Demidchick.

5. Mr. Gong and I reviewed the Applicable 9nth Cir. Case authority, the Ninth Circuit Instructions, and the USSG guidelines and based on the offense and the $490,000 seized by US agents from his premises in Chicago by means of warranted this client. There were ongoing discussions of a confidential nature Mr. Gong was advised he faced 53-62 months preliminarily that I advised him to proceed by means of a written Proffer.

6. I caused to be sent to Ms. Palmer shortly before Christmas a written proffer even though we had no Proffer Letter, I feel thus would at least cause the US Attorney to examine his case.  That Proffer Letter was prepared by me based upon 8 hours of discussions with Mr. Gong and "Sophia" the paralegal interpreter

6. After being contacted by Ms. Palmer the following Monday got ahold of Leo the Pre-Trial Officer in Northern District, I called Probation NDILL and CDCA as well as the CASA officer in CDCA to find out what I needed to prepare to advance Mr. Gong's case, a Proposed Pretrial Diversion Order based on Judge Biron's participation in program. I was about to send same to US.  I was advised by Bradley Benedetto to as Walsh and Demidchick claimed right to appear on his behalf. Mr. Benedetto continues to communicate with them and appears to back their request for a telcon.  We have an order for a Status Conference, and it should not be vacated.

7. Mr. Gong has no prior felonies. His lack of English-speaking capability and lack of verifiable employment are serious issue impacting Mr. Gong ability to move forward as a law-abiding and productive. individua. I am advising him that if he would agree to an 18-month program where he would learn English and obtain verifiable employment, then I could ask US Attorney to agree to such an agreement which Mr. Gong qualifies for.

8. Mr. Gong and his is companion were quite clear in. their directions to me. Mr. Gong wanted to do everything possible to avoid serving a term pf imprisonment in BOP.

9. Finally, I met with Weicheng Gong on September 11,12 and 13 at the Demidchick office and I know neither prior counsel discussed charges, elements of the offense, USSG Guidelines and prepare a letter. Gong told me counsel had done nothing until this meeting.

10. I am qualified to represent Mr. gong having litigated 37 case from complaint to trial or plea as a CJA appointed by US District Court Eastern District of Missouri and Southern District of Illinois.

11. There is a conflict of interest between Gong and another Demidchick Chicago client and patent conflicts of interest between Gong and Demidchick that I cannot offer any facts without inquiry by the Court.

12. BASED UPON THE FOREGOING, I WISH TO CONTINUE TO REPRSENT MR. GONG AND I NEED HIS ELECTRONIC FILE AND PAPER FILE FROM DEMIDCHICK AND UNFETTERED TELEPHONE ACCESS TO HIM WITH MY MANDARIN INTERPRETER.

Executed under penalty of perjury this 18 day of March 2020

*Ss*

Steven Goldblatt CBN 90674

CERTIFICATE OF SERVICE

The foregoing Affidavit of L. Steven Goldblatt Re: Status Conference was served by means of an operating CM-ECF NEXT GENERATION filing system on all counsel of record via electronic service.

S/S Dated March 18, 2020